Richard J. Mooney (*pro hac vice* application pending)
richard.mooney@rimonlaw.com
RIMON P.C.
One Embarcadero Center #400
San Francisco, CA 94111
Telephone: (415) 539-0443

Attorneys for Plaintiff Triumphant Gold Limited

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF TEXAS

# HOUSTON DVISION

| | |
|---|---|
| Triumphant Gold Limited,<br><br>  Plaintiff,<br><br>v.<br><br>Darren Matloff,<br><br>  Defendant. | CASE NO. _____<br><br>Complaint for Recognition of a Judgment Pursuant to the Uniform Foreign-Country Money Judgment Recognition Act |

Plaintiff Triumphant Gold Limited ("Plaintiff" or "TGL") brings this action seeking recognition of a foreign judgment under Texas's version of the Uniform Foreign-Country Money Judgment Recognition Act, Texas Civil Practice & Remedies Code, §§ 36A.001 *et seq.* (the "TUFCMJRA"), and in particular alleges for its complaint against Darren Matloff ("Defendant" or "Mr. Matloff") as follows:

## The Parties

1. Plaintiff is and at all relevant times has been a corporation organized and existing under the laws of the Cayman Islands, with its principal place of business in Hong Kong.

2. Defendant is and at all relevant times has been a citizen of the United States and is a resident of the city of Houston in the county of Harris in the State of Texas.

## Jurisdiction, Venue, and District Assignment

3. Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a)(2), because it is an action between a citizen of a State and citizen of a foreign state, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over Defendant, because Defendant is a citizen and resident of Texas; Defendant has purposefully availed himself of the privilege of conducting business in this jurisdiction and invoked the benefits and protections of the law of this jurisdiction; and the exercise of personal jurisdiction is reasonable.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because Defendant is a resident of this judicial district.

6. This case is properly assigned to the Houston division because Defendant is a resident of Harris County.

7. Texas law as recently amended provides that when recognition of a foreign judgment is sought, "the issue of recognition may be raised by filing an action seeking recognition of the foreign-country judgment." *See* T.C.P. & R. Code §36A.006.

## Factual Allegations

8. On April 26, 2018, Plaintiff 2018 instituted an action against Defendant in the High Court of the Republic of Singapore (the "Singapore Action", instituted in the "Singapore

Court"), seeking recovery of amounts due in connection with Defendant's obligations under a Deed of Guarantee in which Defendant agreed to guarantee and indemnify Plaintiff with respect to one or more loans made by Plaintiff to an entity controlled by Defendant, Rooftop Group International Pte Ltd. ("Rooftop"). The relevant loan in question, in the sum of US$10 million, was extended from Plaintiff to Rooftop pursuant to an Amended Facility Agreement dated July 5, 2017. Plaintiff and Rooftop also entered into an amended and restated side letter agreement, dated January 16, 2018, in which Rooftop was allowed to repay the outstanding amounts under the Amended Facility Agreement by February 12, 2018, with interest of 5% per 30-day period accruing from December 28, 2017. As of April 26, 2018, the total sum of US$4,427,209.82 remained owing from Rooftop to Plaintiff. This figure was comprised of an outstanding original principal sum of US$3,903,895.65 and accrued interest of US$523,314.17.

9. personal guaranty of one or more loans made by Plaintiff to one or more entities owned and/or controlled by Defendant.

10. The Singapore Court was the proper court to hear the Singapore Action, and in particular possessed subject matter jurisdiction over the Singapore Action.

11. The Singapore Court properly exercised personal jurisdiction over Defendant in the Singapore Action, as evidenced by (among other things) (1) Defendant's numerous contacts with Singapore prior to the filing of the Singapore Action; (2) Defendant's actual notice of the Singapore Action; (3) the proper service of the complaint on Defendant in the Singapore Action; and (4) Defendant's voluntary appearance (through counsel) in the Singapore Action.

12. In the Singapore Action, a final judgment (the "Singapore Judgment") was entered in favor of Plaintiff and against Defendant on December 5, 2018 in the amount of US$4,427,209.82.[1]

---

[1] For the sake of clarity, Plaintiff notes that the loan(s) at issue in the Singapore Action were made in US dollars, and the Singapore Action therefore was brought in terms of US dollars and judgment was entered in US dollars.

13. The Singapore Judgment further directs that interest will be added to the original principal due (US$3,903,895.64) at the rate of 5% of the original principal for each 30-day period from April 27, 2018 until payment is made in full.

14. A true and correct copy of the Singapore Judgment is attached hereto as Exhibit A.[2]

15. The Singapore Judgment is a final judgment that is immediately enforceable under Singapore law.

16. Defendant has not filed an appeal of the Singapore Judgment, and Singapore counsel for Defendant effectively conceded at the summary judgment hearing leading to the judgment that it had no viable defense.

## First Cause of Action – Recognition of Judgment

17. Plaintiff re-alleges and incorporates herein all preceding paragraphs.

18. The Singapore Judgment "[g]rants or denies recovery of a sum of money" within the meaning of the TUFCMJRA.

19. The Singapore Judgment "[u]nder the law of the foreign country in which the judgment is rendered, is final, conclusive, and enforceable" within the meaning of the TUFCMJRA.

20. The Singapore Judgment is not "a judgment for taxes", "a fine or other penalty", or "a judgment for divorce, support, or maintenance, or other judgment rendered in connection with domestic relations" within the meaning of the TUFCMJRA.

21. The Singapore Court properly exercised subject matter jurisdiction over the Singapore Action.

22. The Singapore Court properly exercised personal jurisdiction over Defendant in the Singapore Action.

---

[2] Plaintiff notes that judicial proceedings in Singapore are conducted in English and that the Singapore Judgment is an original document, untranslated.

23. The Singapore Judgment in the Singapore Action was rendered by a court within a judicial system that provides "impartial tribunals and procedures that are compatible with the requirements of due process of law" within the meaning of the TUFCMJRA.

24. There are no judgments that conflict with the Singapore Judgment.

## PRAYER

Wherefore, Plaintiff prays judgment against Defendant as follows:

1. for entry of judgment in the amount of US$4,427,209.82;
2. for prejudgment interest calculated as set forth in Singapore Judgment;
3. for postjudgment interest at the maximum rate available under governing law;
4. for costs of suit, including attorneys' fees incurred; and
5. for such other relief as the Court may deem proper.

Dated: December 19, 2018         Rimon P.C.

By: _____
Richard Mooney
Attorneys for Plaintiff Triumphant Gold Limited