UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TRIUMPHANT GOLD LIMITED, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-CV-04770 |
| DARREN MATLOFF., | § § § | |
| *Defendant*. | § § | |

**DEFENDANT'S ORIGINAL ANSWER**

Darren Matloff ("Matloff") files this Original Answer to Plaintiff's Complaint, and respectfully pleads the following:

**I.**

**ANSWER**

1.1     Matloff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

1.2     Matloff admits the allegations in Paragraph 2 of the Complaint, except he denies that he is a resident of the City of Houston.

1.3     Matloff admits the allegations in Paragraph 3 of the Complaint.

1.4     Matloff admits the allegations in Paragraph 4 of the Complaint.

1.5     Matloff admits the allegations in Paragraph 5 of the Complaint.

1.6     Matloff admits the allegations in Paragraph 6 of the Complaint.

1.7     Matloff admits the allegations in Paragraph 7 of the Complaint.

1.8     Matloff denies that he or Rooftop Group International Pte Ltd. ("Rooftop") owed $4,427,209.82 to Plaintiff Triumphant Gold Limited ("TGL") on April 26, 2018; denies that he

or Rooftop owed $3,903,895.65 in principal to TGL on April 26, 2018; and denies that he or Rooftop owed $523,314 in interest to TGL on April 26, 2018. Matloff otherwise admits the allegations in Paragraph 8 of the Complaint.

1.9 Matloff does not understand the allegations in Paragraph 9 of the Complaint and therefore denies the allegations in Paragraph 9.

1.10 Matloff denies the allegations in Paragraph 10 of the Complaint.

1.11 Matloff denies the allegations in Paragraph 11 of the Complaint.

1.12 Matloff admits the allegations in Paragraph 12 of the Complaint.

1.13 Matloff admits the allegations in Paragraph 13 of the Complaint.

1.14 Matloff admits the allegations in Paragraph 14 of the Complaint.

1.15 Matloff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint.

1.16 Matloff admits that he has not filed an appeal of the Singapore Judgment but otherwise denies the allegations in Paragraph 16 of the Complaint.

1.17 Paragraph 17 of the Complaint does not require a responsive pleading.

1.18 Matloff admits the allegations in Paragraph 18 of the Complaint.

1.19 Matloff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint.

1.20 Matloff denies that the Singapore Judgment is not a fine or penalty but otherwise admits the allegations in Paragraph 20 of the Complaint.

1.21 Matloff denies the allegations in Paragraph 21 of the Complaint.

1.22 Matloff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

1.23    Matloff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint.

1.24    Matloff is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 of the Complaint.

## II.

## DEFENSES

2.1    The loan and guarantee agreements underlying the Singapore Judgment are usurious and against public policy.

2.2    The guarantee agreements underlying the Singapore Judgment are void and unenforceable because they were unsupported by consideration.

2.3    The loan and guarantee agreements underlying the Singapore Judgment were induced through deception and duress and are therefore void and unenforceable.

2.4    The Singapore Judgment is against public policy and unenforceable.

2.5    The Singapore Judgment was issued by a court that lacked jurisdiction because the subject matter was subject to a then-pending arbitration.

2.6    The Singapore Judgment was obtained in violation of Matloff's fundamental right to due process because he was denied a reasonable opportunity to defend himself.

2.7    TGL is equitably estopped to enforce the Singapore Judgment.

## III.

## PRAYER

Matloff requests that TGL take nothing on its claims, that TGL's claims be dismissed with prejudice, and that Matloff be awarded all further relief to which he may be entitled.

Respectfully submitted,

HICKS THOMAS LLP

*/s/ Allen H. Rustay*
Allen H. Rustay
Texas Bar No. 24003726
S.D. Tex. No. 22404

J. Stephen Barrick
Texas Bar No. 00796168
S.D. Tex. No. 22955

700 Louisiana Street, Ste. 2000
Houston, Texas 77002
Tel.: (713) 547-9100
Fax: (713) 547-9150

ATTORNEYS FOR DEFENDANT
DARREN MATLOFF

## CERTIFICATE OF SERVICE

Service of this document on all counsel of record was accomplished automatically through the Court's Notice of Electronic Filing.

*/s/ Allen H. Rustay*